LOUIS FLORES v. THE STATE.

No. 5571. Decided November 26, 1919.

Forgery—Accomplice—Charge of Court.

Where, upon trial of forgery, the evidence showed that one of the wit-nesses for the State was an accomplice, the failure of the court to charge thereon, to which failure defendant excepted, was reversible error.

Appeal from the District Court of Reeves. Tried below before the Hon. Chas. Gibbs, judge.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary and recommendation of suspended sentence.

The opinion states the case.

*Howard & Cooke,* for appellant.—On question of court's failure to charge on accomplice testimony; Lockhead v. State, 213 S. W. Rep., 653; Brown v. State, 58 Texas Crim. Rep., 336, 125 S. W. Rep., 915.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited Cheesebourge v. State, 70 Texas Crim. Rep., 612, 157 S. W. Rep., 761.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forging the following instrument:

Pecos, Texas, 2-6-1919. No.—
The Pecos Valley State Bank 88-450.
of Pecos, Texas.
Pay to Paulalion Valberde or bearer $16.00.
Sixteen ................... Dollars.
NICHOLAS RAMIREZ."

The evidence shows the document to be a forgery, Ramirez having testified he gave no authority either to appellant or the witness Ruiz to write it. The alleged payee Valberde was not used as a witness. Ruiz testified that he had known defendant about one and a half years, and loaned him five dollars in February, 1919; that he knew about the check, and that appellant gave it to him for the five dollars that appellant owed him; that appellant made out and signed the check, but witness did not know why he made out and signed it; that it was made in the store of John Hudson. There was no

one present in the store when the check was made out except himself and appellant, and no one seems to have known anything about it, under testimony, except the two. He carried the check to the bank, endorsed it and collected the money. He says that appellant paid him three dollars of the sixteen; that appellant remained at the store where the check was made out, and when he returned from the bank appellant was on the outside of the store. On cross-examination he stated he did not remember exactly how long appellant owed him the five dollars; that he went to the bank and got the money; that he did not know Ramirez at that time, but had seen him around the house of defendant. He says: "I didn't take all the five dollars he owed me at the time I got the sixteen dollars from the bank, because he told me that he needed the thirteen dollars to buy provisions; that he would give me the other two dollars later." He further testified that he did not know Valberde, the payee. He also testified that he was arrested about 4 o'clock that evening after cashing the check, which occurred about 10 o'clock in the morning; that he did not have a nickel of the money in his pocket at the time he was arrested; that he had spent it. He also stated that he could write his own name, but otherwise could not write. Mr. Browning, who was assistant cashier at the bank, testified that Ruiz presented the check to the bank and it was paid; that he saw Ruiz endorse the check. Appellant says he had known Ruiz about three years; that he made out the check at the instance of Ruiz as a favor to him. He says: "I didn't owe him a nickel. At the time he got the money out of the bank he didn't give me anything, but that evening he came and gave me a ten dollar bill to buy anything that I wanted to buy. He says he gave me that to use it as I pleased. I took it that he was loaning it to me, and I expected to pay it back. If I didn't take it as a gift, I intended to pay it back to him." He says he had known Ramirez about seven or eight years, and had lived at his house; that he made the check out and signed Ramirez's name to it because Ruiz asked him to make it. He did not know whether Ruiz had any right to sign Ramirez's name or not; that Ruiz asked him to make out the check because he, Ruiz, could not write, that he was just doing it as a favor. He says he was innocent and did not know whether he was stealing anything or not, and did not ask Ruiz whether he had authority to sign the paper, nor did he say that Ramirez owed him the money, but told him he wanted to use that money, and by the next week he could replace it. On cross-examination he testified that he wrote out the check in favor of Valberde because Ruiz told him to place that name to the check, and wrote it on the back of the check because Ruiz told him so to do. This constitutes, substantially, the case on the facts.

The court failed to charge on the law of accomplice testimony. To this failure exception was reserved, and a requested instruction on that phase of the case was refused, and a bill of exceptions making this apparent was approved by the trial judge. We are of

opinion that the charge on accomplice testimony should have been given. The testimony shows that the witness Ruiz was an accomplice, and the jury should have been appropriately instructed with reference to that phase of the law. It would be useless to discuss the force and effect of this testimony. The action of these parties makes it apparent that if appellant was guilty in making the instrument for a fraudulent purpose, Ruiz was also connected with it. If appellant made out the check without an intent to defraud, or without any guilty purpose, at the instance of Ruiz, he would not be guilty, but these were issues made by the testimony, and the jury should have been appropriately instructed with reference to the law of accomplice testimony.

*Reversed and remanded.*